ALBERT CAHN ET AL., APPELLEES, V. GERTRUDE C. PARKE ET AL., APPELLANTS.

FILED JUNE 23, 1919. No. 20588.

**Adverse Possession.** The evidence as to actual occupancy under claim of right of the strip of land in controversy by plaintiffs and their predecessors in title is sufficient to establish title in them by adverse possession.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*McGilton & Smith,* for appellants.

*William Baird & Sons, contra.*

LETTON, J.

This is an action to quiet title to a strip of land 4.8 feet wide fronting on Farnam street, in Omaha, and extending south to a depth of 134 feet. The plaintiffs claim title through mesne conveyances from John I. Redick to Caroline Cahn, and also by adverse possession since 1883. The defendants also claim title by mesne conveyance from John I. Redick. In 1874 Redick conveyed to Sexauer a tract of land described as follows: Beginning at the northwest corner of the east 1.33 acres

of lot 7, Capitol addition, thence east 130 feet along the south side of Farnam street, thence south 300 feet, thence west 130 feet, thence north 300 feet to the place of beginning. This tract was conveyed by Sexauer to one Hellman. On March 6, 1886, Hellman conveyed the same frontage on Farnam street, running south 134 feet. In 1883, before this deed was executed, Mr. Cahn had an interest in the property and had taken possession of a tract 130 feet wide fronting on Farnam street, and completed the erection of his home thereon in the year 1884.

Defendants claim title through a deed from John I. Redick to William C. Chambers, describing a parcel of land beginning at the northeast corner of the land conveyed by Redick to Sexauer (being the Cahn property), thence running east along the south side of Farnam street 82 feet, thence south 300 feet, west 82 feet, north 300 feet to the place of beginning.

Mr. Chambers took possession of a tract 82 feet wide fronting on Farnam street, immediately east of the property occupied by Cahn. These neighbors lived side by side for many years. A high board fence was erected extending from the rear part of the tract toward the front, and an ornamental wire fence, uniform in design, was built in front of their respective properties, with an extension to the south connecting the fence along the street with the board fence. Each grantee occupied the full quantity of land which his deed called for. In January, 1910, Mr. Chambers leased for 50 years to Mr. Dresser part of the land described in his deed fronting on Farnam street. He afterwards died, and the title vested, subject to the lease to Dresser, in his daughters, who are defendants in this case.

After this lease was made, Dresser erected a building occupying the full 82 feet. He, with other defendants, insist that the deeds under which plaintiffs claim describe a tract the east boundary of which lies 4.8 feet to the west of the land occupied by Chambers.

103 Neb.—36

From a consideration of all the evidence, the main conflict in which is as to the position of the boundary fence, it seems apparent that the tract of which Mr. Cahn took possession actually extended 4.8 feet to the east of that which is described in the original deed from Redick, and that a like error was made by Mr. Chambers and other owners east of Twenty-fourth street. While the evidence is in dispute as to the exact location of the fence erected between the respective properties, it seems clear that plaintiffs and their predecessors in title had been in the actual and continuous occupation of the land claimed by them under claim of title, open, notorious and adverse for more than 20 years before any attempt was made to oust them. This being the fact, their title to that particular parcel 130 feet wide facing upon Farnam street, and including the 4.8 feet in dispute, is superior to that of defendants. The judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.